United States District Court
Southern District of Texas
**ENTERED**
July 03, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

LEE HAMILTON, JR., §
TDCJ #1132938, §
 §
    Plaintiff, §
 §
v. § CIVIL ACTION NO. H-19-1901
 §
CASON MCCUNE, et al., §
 §
    Defendants. §

**MEMORANDUM OPINION AND ORDER**

State inmate Lee Hamilton, Jr. (TDCJ #1132938) has filed a Prisoner's Civil Rights Complaint under 42 U.S.C. § 1983 ("Complaint") (Docket Entry No. 1), concerning the conditions of his confinement at the Estelle Unit in Huntsville. Because Hamilton is an inmate who proceeds in forma pauperis, the court is required to scrutinize the Complaint and dismiss the case if it determines that the action is "frivolous or malicious;" "fails to state a claim on which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A. After reviewing all of the pleadings as required, the court concludes that this case must be dismissed for reasons explained briefly below.

## I. Background

Hamilton is currently incarcerated by the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ") at the Estelle Unit in Huntsville.[1] He has filed this civil rights action under 42 U.S.C. § 1983 against the following defendants employed by TDCJ at the Estelle Unit facility: (1) Cason McCune; (2) Officer Teresa Green; (3) Nurse Brenda Butler; (4) Officer Sandra Major; (5) Major Bobby Rigsby; and (6) Captain Carlson Applewhite.[2] In addition to his Complaint, Hamilton has supplemented the pleadings with several grievances and some medical records regarding his claims.[3]

Hamilton primarily takes issue with McCune, who works for TDCJ as a maintenance technician.[4] Hamilton has reportedly inherited all of his grandparents' property and the proceeds of an insurance policy.[5] Hamilton contends that McCune has "cut into the phone line" when Hamilton makes calls from the prison unit and that

---

[1]Complaint, Docket Entry No. 1, p. 3.

[2]Id. at 1, 3.

[3]Supplement, Docket Entry No. 7-2 (exhibits consisting of grievance forms and medical records, which have been docketed as a "Supplement" to the Complaint).

[4]Complaint, Docket Entry No. 1, pp. 3, 4; Step 1 Offender Grievance Form, Docket Entry No. 7-2, p. 1 (referring to McCune as a "Maintenance Tech"). The court notes that none of the grievance forms provided by Hamilton were actually submitted through the TDCJ administrative grievance process or adjudicated.

[5]Step 1 Offender Grievance Form, Docket Entry No. 7-2, p. 1.

McCune or nursing staff at the Estelle Unit have also implanted a "device" in Hamilton's head and lower back for the purpose of stealing Hamilton's thoughts.[6] Hamilton contends that McCune in particular is stealing information regarding Hamilton's family and money.[7] Hamilton alleges that the other defendants are part of the "conspiracy" to steal his wealth because they are aware of the problem, but have done nothing about it.[8]

According to medical records provided by Hamilton, he has complained to health care providers about "listening devices" that were "put in his ears" while he was at the Estelle Unit Regional Medical Facility.[9] He alleges that the devices were implanted to drive him insane or cause his death.[10]

Hamilton appears to accuse the defendants of conspiracy to violate federal criminal law by interrupting his phone calls and intercepting his thoughts.[11] Hamilton asks the court to bring federal criminal charges against the defendants and for the

---

[6]Complaint, Docket Entry No. 1, p. 4.

[7]Id.

[8]Id. at 3; Step 1 Offender Grievance Form, Docket Entry No. 7-2, p. 1.

[9]Correctional Managed Health Care Clinic Notes - Nursing, Docket Entry No. 7-2, p. 20.

[10]Step 2 Offender Grievance Form, Docket Entry No. 7-2, p. 6.

[11]Complaint, Docket Entry No. 1, pp. 3, 4; Step 1 Offender Grievance Form, Docket Entry No. 7-2, p. 1.

immediate arrest of Cason McCune.[12] He also seeks a restraining order.[13]

## II. **Discussion**

The Supreme Court has held that a complaint filed by a litigant who proceeds <u>in forma pauperis</u> may be dismissed as frivolous "where it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 109 S. Ct. 1827, 1831-32 (1989). A claim is factually frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible[.]" <u>Denton v. Hernandez</u>, 112 S. Ct. 1728, 1733 (1992). Included in this class of claims are those "describing fantastic or delusional scenarios" and allegations that are "fanciful" and "clearly baseless." <u>Id.</u> (citations omitted); <u>see also</u> <u>Harris v. Hegmann</u>, 198 F.3d 153, 156 (5th Cir. 1999) ("A complaint is factually frivolous when the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless.") (citations and internal quotation marks omitted).

Hamilton's allegation that a device has been covertly implanted in his head for the purpose of improper surveillance is the sort of claim that courts routinely dismiss as factually

---

[12]Complaint, Docket Entry No. 1, p. 4; Step 1 Offender Grievance Form, Docket Entry No. 7-2, p. 1.

[13]<u>Id.</u>

frivolous. See, e.g., Dodson v. Haley, No. 16-6196, 2017 WL 3224485, at *1 (6th Cir. May 17, 2017) (dismissing as frivolous a prisoner's claim that correctional officers installed "eye cameras" and "thought processing devices" in his body); Golden v. Coleman, 429 F. App'x 73, 74 (3d Cir. 2011) (dismissing as frivolous a prisoner's claim that prison employees implanted "Government Micro Eye Cameras" in his food, which then attached to the "visual cortex" in his brain and sent images to a computer for broadcast on "prison television"); Manco v. Does, 363 F. App'x 572, 575 (10th Cir. 2010 (dismissing as frivolous the plaintiff's claim that prison officials implanted a tracking device in his jaw to "monitor his thoughts and send him inaudible, profane messages"); Johnson v. Drug Enforcement Agency, 137 F. App'x 680 (5th Cir. 2005) (dismissing as frivolous plaintiff's allegation that the DEA implanted a transmitter in his scalp); Patterson v. UHC Hospital of Lafayette, Civil No. 6:17-1383, 2017 WL 6811709, at *3 (W.D. La. Oct. 31, 2017) (dismissing the plaintiff's allegation that doctors implanted a microchip device in his body during an "illegal surgery" as "so delusional as to warrant dismissal as frivolous") (citations omitted).

In addition, it is well established that there is no "constitutional right to have someone criminally prosecuted" or investigated and "no private right of action to bring criminal

charges." Back v. Texas Dep't of Criminal Justice Correctional Institutions Div., 716 F. App'x 255, 259 (5th Cir. 2017) (citing Gill v. Texas, 153 F. App'x. 261, 262 (5th Cir. 2005); Oliver v. Collins, 904 F.2d 278, 281 (5th Cir. 1990)); see also Linda R.S. v. Richard D., 93 S. Ct. 1146, 1149 (1973) (holding that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); Sattler v. Johnson, 857 F.2d 224, 227 (4th Cir. 1988) (rejecting an equal protection claim under § 1983 because neither a member of the public at large nor the victim has a right to have another criminally prosecuted). Private citizens are thus not entitled to an order requiring the arrest or prosecution of wrongdoers. Del Marcelle v. Brown County Corp., 680 F.3d 887, 901-02 (7th Cir. 2012) (Easterbrook, C.J., concurring) (citations omitted). Accordingly, this civil action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as frivolous.

### III. Conclusion and Order

Accordingly, the court **ORDERS** as follows:

1. This case is **DISMISSED with prejudice** as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The dismissal will count as a **STRIKE** for purposes of 28 U.S.C. § 1915(g).

**The Clerk will provide a copy of this Memorandum Opinion and Order to the plaintiff. The Clerk will also send a copy of this Order to (1) the TDCJ - Office of the General Counsel, Capitol**

Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159; and (2) the Three Strikes List at Three_Strikes@txs.uscourts.gov.

**SIGNED** at Houston, Texas, on this 3rd day of July, 2019.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE